UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAROLD M. HOFFMAN**, Individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **PRIMAL FORCE, INC.**, <br><br> Defendant. | Civil Action No. 20-20600 (MCA) (MAH) <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

I. **INTRODUCTION**

This matter comes before the Court by way of Plaintiff Harold M. Hoffman's renewed Motion to Remand to the Superior Court of New Jersey, Law Division, Bergen County pursuant to 28 U.S.C. § 1447(c). *See* Mot. to Remand, June 4, 2021, D.E. 22. The Honorable Madeline Cox Arleo referred this motion to the Undersigned for a Report and Recommendation.[1] This Court has considered the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth herein, the Undersigned respectfully recommends that the District Court grant Plaintiff's Motion to Remand.

II. **BACKGROUND**

Plaintiff Harold M. Hoffman, a New Jersey resident, filed this action in the New Jersey

---

[1] A decision to remand is dispositive. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, the Undersigned makes the following Report and Recommendation. *See* Local Civ. R. 72.1(a)(2).

Superior Court, Law Division, Bergen County, as a *pro se* putative class-action lawsuit for alleged violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1 *et seq*, against Defendant Primal Force, Inc ("Primal Force"), a Florida corporation with its principal place of business in Florida. *See generally* Complaint, attached as Ex. A to Notice of Removal, Dec. 30, 2020, D.E. 1-1 (hereinafter "Complaint" or "original Complaint"). Hoffman alleges that Primal Force falsely advertised its product, Primal Max Red, as a treatment for Erectile Dysfunction. *See id.* at 4-5. Hoffman alleges that he relied on Primal Force's advertising, website, and marketing promises to purchase Primal Max Red and that "there was a substantial difference between the price paid . . . and the represented value of the product." *See id.* at ¶¶ 1, 31.

The putative class encompasses consumers who bought Primal Max Red in the last six years. Complaint at ¶ 35. The original Complaint was less than entirely clear as to class membership, stating both that "[t]he proposed Class consists of all New Jersey consumers" and that "[t]he Class is comprised of consumers throughout the United States." *See id*. The Complaint made vague references to nationwide damages, such as Primal Force taking "substantial sums from hard-working U.S. consumers." *See id.* at ¶ 18. However, the original Complaint also focused largely on New Jersey consumers. *See id.* at ¶ 35 ("Subject to additional information . . . the definition of the Class may be expanded or narrowed. The proposed Class consists of all New Jersey purchasers of Primal Max Red.").

The original Complaint alleged five counts, all under the NJCFA. *See id.* at ¶¶ 40-57. Count One alleged that Primal Force engaged in "unconscionable commercial practice." *See id.* at ¶ 41. Count Two alleged that that Primal Force's conduct constituted deception. *Id.* at ¶ 44. Count Three alleged that Primal Force's conduct was fraudulent. *Id.* at ¶ 47. Count Four alleged

2

that Primal Force's sale of Primal Max Red "constitutes false pretense, false promise and/or misrepresentation." *Id.* at ¶ 50. Count Five alleged that Primal Force's "conduct constitutes knowing concealment, suppression, and/or omission of material facts with the intent that others . . . rely upon such concealment." *Id.* at ¶ 53. The Complaint did not allege a specific amount in controversy, but demanded treble damages, fees, and costs under the NJCFA. *Id.* at ¶¶ 26-30, 40-57.

On December 30, 2020, Primal Force removed this action to the United States District Court for the District of New Jersey pursuant to subject matter jurisdiction conferred by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal, D.E. 1, at ¶¶ 12, 35. According to Primal Force, the action met all requirements for jurisdiction under CAFA: (1) minimal diversity; (2) an amount in controversy over $5,000,000; and (3) more than 100 members in the proposed class. *See id.* at ¶¶ 12, 35.

In support of its position, Primal Force interpreted the original Complaint as proposing a class of consumers in the United States, not only in New Jersey. *See id.* at ¶ 17. Primal Force asserted that in the past six years, more than 100 consumers in the United States had purchased Primal Max Red. *Id.* at ¶¶ 21-23. Furthermore, it argued that the amount in controversy was more than $5,000,000 because the sum of consumers' out-of-pocket payments for Primal Max Red exceeded that amount in the previous six-year period, or alternatively, that Hoffman's demand for treble damages under the NJCFA, in addition to fees and costs, comprised the threshold amount in controversy. *Id.* at ¶¶ 26-30. Finally, Primal Force demonstrated that the parties are minimally diverse, as Hoffman is from New Jersey and Primal Force is a Florida corporation with its principal place of business in Florida. *See* Notice of Removal, at ¶ 14.

On January 4, 2021, Hoffman moved to remand this action to the Superior Court. *See* Mot.

to Remand, Jan. 4, 2021, D.E. 5.  Hoffman argued that the Complaint encompassed a class of only New Jersey citizens.  *See* Pl.'s Mem. in Supp., Jan. 4, 2021, D.E. 5-1, at 4.  Furthermore, he argued that a class of only New Jersey citizens had less than $5,000,000 in controversy or 100 plaintiffs under CAFA.  *See id.* at 2.  Thus, Hoffman averred that CAFA did not confer jurisdiction over the action.  *See id.* at 6-7.  Following a hearing on March 16, 2021, the Court terminated the motion to remand and ordered limited discovery on fact issues to determine whether a class of New Jersey Primal Max Red consumers would qualify for jurisdiction under CAFA.  *See* Order, Mar. 16, 2021, D.E. 12.

On April 21, 2021, the parties submitted a joint letter in which Primal Force conceded that the Court lacks CAFA federal jurisdiction over a purely New Jersey class.  *See* Joint Letter, D.E. 13.  However, Primal Force maintained that notwithstanding Plaintiff's representations at the March 16, 2021 hearing that the class was limited to New Jersey purchasers of Primal Max Red, the putative class was comprised of all such consumers throughout the United States.

Hoffman subsequently amended the Complaint, with leave of the Court, to clarify that the putative class consisted solely of New Jersey consumers.  *See* Order, Apr. 22, 2021, D.E. 14; Amended Complaint, May 3, 2021, D.E. 15.  The allegations and claims in the Amended Complaint are substantially similar, if not identical, to the original Complaint.  However, the Amended Complaint specifies that "[t]he proposed Class consists of all New Jersey (and only New Jersey) purchasers of Primal Max Red . . . ."  *See* Am. Compl. at ¶ 35.  *See also id.* at pages 1-2 ("Plaintiff makes no allegation or representation of federal jurisdiction, and never has, in light of the fact that the consumer class at all times proposed by Plaintiff is specifically limited to New Jersey consumers."); *id.* at ¶ 19 ("Plaintiff brings this suit to recover funds taken by Defendant as a consequence of its deception of New Jersey consumers through the marketing and sale of illegal,

4

unapproved, new drugs."); *id*. at ¶ 25 ("New Jersey consumers made purchasing decisions and did, in fact, make purchases from Defendant based upon Defendant's specific claims and representations of product efficacy, value, legality and benefit for a claimed, therapeutic purpose."); *id.* at ¶ 29 ("Defendant's advertisements, promises and representations concerning Primal Max Red result in New Jersey consumers who purchased the product, being subjected to misrepresentation, false promise, fraud, deceit, trickery and false and deceptive advertising."); *id.* at ¶ 35 (in addressing the numerosity prong, representing that "[t]he class is comprised of consumers throughout the State of New Jersey."); *id.* at ¶ 39 (in addressing the superiority prong, representing that "[t]he claims asserted herein are applicable to all consumers throughout the State of New Jersey who purchased Primal Max Red.").

After filing the Amended Complaint, Hoffman renewed the motion to remand, and again asserted that CAFA did not provide subject matter jurisdiction. *See* Mot. to Remand, June 4, 2021, D.E. 22; Pl.'s Mem. Law in Supp., June 4, 2021, D.E. 22-1, at 1. Hoffman relies on Primal Force's concession "that CAFA jurisdiction did not exist for a class limited to New Jersey consumers." *See* Pl.'s Mem. Law in Supp. at 1-2; Joint Letter, Apr. 21, 2021, D.E. 13. Hoffman argues that he is the master of his own complaint and that he designated a class of New Jersey consumers because under choice of law rules, the NJCFA is unenforceable over out-of-state conduct. *See* Pl.'s Mem. Law in Supp. at 4 n.1 ("Plaintiff at bar opted to designate a class limited to New Jersey consumers . . . because the New Jersey Consumer Fraud act, the statutory predicate for all claims alleged in the Complaint, is not enforceable with respect to conduct taking place outside the state."). Alternatively, Hoffman submits that as Plaintiff, he has the right to design the class to avoid jurisdiction under CAFA. *See id.* at 3-4. Hoffman asserts that he has consistently maintained that the putative class is limited to New Jersey consumers. *See id.*

5

In opposition to the instant motion to remand, Primal Force argues that although CAFA jurisdiction does not exist for a class of purely New Jersey consumers, remand is nonetheless appropriate because the original Complaint plead a nationwide class of consumers. *See generally* Def.'s Mem. in Opp., July 12, 2021, D.E. 23. Primal Force further avers that Hoffman must prove to a legal certainty that he cannot recover $5,000,000 in this action and that he has failed to do so. *See id.* at 5.

III. **ANALYSIS**

When parties disagree over jurisdictional facts, such as the amount in controversy, the removing party must show by a preponderance of the evidence that the Court has CAFA jurisdiction. *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016). The operative complaint at the time of removal governs the inquiry, but the court may use further pleadings to rule on jurisdictional issues. *See Hall v. Welch Foods, Inc.*, 2017 WL 4422418, at *3 (D.N.J. Oct. 5, 2017); *Gallagher*, 169 F. Supp. 3d at 602. The Undersigned is persuaded that Primal Force failed to show that CAFA jurisdiction is present by a preponderance of the evidence. First, it is undisputed that a class consisting solely of New Jersey consumers does not satisfy the jurisdictional requirements under CAFA. Second, the Court is persuaded that Plaintiff has adequately pleaded, first in the original Complaint and certainly in the Amended Complaint, that the class is limited to New Jersey purchasers of Primal Max Red.

**A. Legal Standard**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under CAFA, federal district courts have original jurisdiction over class actions in which (1) the aggregate sum of each class member's claims exceeds $5,000,000; (2) at least one plaintiff is diverse from at least one

6

defendant; and (3) the class has at least 100 members. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). "Congress enacted CAFA to facilitate class actions in federal court, and its 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Gallagher*, 169 F. Supp. 3d at 602 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "Unlike diversity jurisdiction, there is no presumption against federal jurisdiction under CAFA." *Bovgirya v. Am. Honda Motor Co., Inc.*, No. 17-6248, 2018 WL 3954855, at *2 (D.N.J. Aug. 16, 2018) (citing *Dart Cherokee*, 574 U.S. at 89).

Where, as here, state practice does not require the demand of a specific sum of damages, the notice of removal may state the amount in controversy in the first instance. *See* 28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee*, 574 U.S. at 84 (2014). Just as the complaint, a notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee*, 574 U.S. at 87 (alteration in original) (quoting H.R. Rep. No. 100-889, at 71 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6031-32); *see also Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 811 (3d Cir. 2016) ("Because a motion to remand shares an essentially identical posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach.").

On a motion to remand, the analytic framework to determine whether CAFA's monetary threshold has been satisfied depends on whether the parties contest the relevant jurisdictional facts. When the notice of removal properly alleges the amount in controversy, "the defendant's

7

amountin-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. "[W]here jurisdiction facts are not contested . . . and the amount in controversy is determined in whole or in part by applicable law, the party *challenging* the court's jurisdiction must show that the plaintiff cannot recover more than the amount in controversy threshold to a legal certainty." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 WL 4523639, at *4 (D.N.J. July 27, 2015) (citing *Judon v. Travelers Prop. Cas. Co. of America*, 773 F.3d 495, 505 (3d Cir. 2014)); *see also Frederico v. Home Depot*, 507 F.3d 188, 198 (3d Cir. 2007) (applying the legal certainty test when "neither party contest[ed] the underlying facts and both instead rel[ied] upon" the facts alleged in the notice of removal).

If the factual allegations are challenged, the amount in controversy set forth in the notice of removal shall control only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). In that circumstance, "both sides submit proof and the court decides . . . whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88. Given that the removing party bears the burden of establishing the propriety of the removal, *see Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009), a challenge to the jurisdictional facts triggers an obligation by the removing party to proffer a preponderance of objective evidence in support of the matter in controversy under CAFA. *See Portillo*, 169 F. Supp. 3d at 597 ("[A] defendant must justify its jurisdictional assertions with some objective, factual basis."). A defendant's failure to do so is fatal to removal. *See Rosenblatt v. Nuplexa Grp., Inc.*, No. 16-1064, 2016 WL 3546579, at *4 (D.N.J. June 29, 2016) (remanding action to state court because defendant failed to come forward with objective proofs).

"[T]he operative complaint at the time of removal governs CAFA jurisdiction." *Hall*, 2017 WL 4422418, at *3. Courts in the Third Circuit have consistently found that efforts to amend a complaint after removal to avoid jurisdiction under CAFA are not determinative. *See, e.g., Judon*, 773 F.3d at 505 (quoting *Schwartz v. Comcast Corp.*, 2005 WL 1799414, at *3 (E.D. Pa. July 28, 2005)) ("The plaintiff's "attempt to 'clarify' the definition of the proposed class in his amended complaint and thus eliminate diversity jurisdiction will not by itself defeat subject matter jurisdiction."); *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2009). A party, however, may persuasively clarify the putative class in future pleadings. *Gallagher*, 169 F. Supp. 3d at 604 ("Plaintiff has also clarified in her motion to remand that the class members in this action are New Jersey citizens who purchased Defendant's products in New Jersey.").

The court may analyze the plaintiff's original ambiguous complaint to determine if it practically meets the amount in controversy under CAFA. *See Morgan*, 471 F.3d at 475-76 (holding that when the plaintiff's complaint is ambiguous, the court may estimate the practical value of plaintiff's monetary claims). "In removal cases, the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court may conduct its own reading of the ambiguous, original complaint to determine whether it meets the amount in controversy by a preponderance of the evidence. *See id.* at 397.

### B. CAFA Jurisdiction Is Not Present

In the instant motion, Plaintiff contests the Notice of Removal's interpretation of the putative class as nationwide, a jurisdictional fact that determines the amount in controversy. *See* Pl.'s Mem. Law in Supp. at 1-2. As the parties disagree about the jurisdictional facts set forth in the Notice of Removal, Primal Force, the party asserting CAFA jurisdiction, must demonstrate by

9

a preponderance of the evidence that the action meets the requisite amount in controversy. *See Dart Cherokee*, 574 U.S. at 88. Hoffman submits, "the class definition – limited to New Jersey purchasers – was always constant. . . ." *See id.* at 5 n.2. Furthermore, Hoffman stresses that in light of the Amended Complaint clarifying a class of New Jersey consumers, the putative class does not meet the requisite amount in controversy or class size under CAFA. *See id.* at 1-2. Furthermore, Primal Force conceded that a New Jersey class would not satisfy CAFA's jurisdictional requirements. *See id.* at 1-2; Joint Letter, Apr. 21, 2021, D.E. 13.

The original Complaint did not seek to certify a nationwide class. Instead, it specified that "[t]he putative class comprises all New Jersey purchasers of Primal Max Red, who purchased such product during the six year period preceding the filing of this suit." Complaint, D.E. 1-1, at 6. *See also id.* at ¶ 35 ("The proposed Class consists of all New Jersey purchasers of Primal Max Red, who purchased such product during the six year period preceding the filing of this suit."). While the original Complaint made vague reference to "nationwide consumers," *see, e.g.*, id. at ¶ 19, it brought only claims under the NJCFA. The Third Circuit has instructed that under conflict-of-law rules, consumers outside of New Jersey lack standing to bring claims under the NJCFA. *See Cooper v. Samsung Elecs. Am., Inc.*, 374 Fed. Appx. 250, 255 (3d Cir. 2010) (holding that consumers in Arizona could not maintain NJCFA claims against New Jersey manufacturer because court must apply the law of the state in which the consumer received the false representations).

A fair reading of the original Complaint allows that Plaintiff intended to plead, albeit at

10

times inartfully, a purely New Jersey class. And as Plaintiff, Hoffman "is the master of his own Complaint and may construct a proposed class however he so chooses, including to intentionally avoid jurisdiction under CAFA." *Kinlock v. HealthPlus Surgery Center*, 2019 WL 2511491, at *2 (D.N.J. June 18, 2019). On that basis alone, and given that supplemental discovery has established that a class limited to New Jersey purchasers does not satisfy CAFA, remand is appropriate. In short, Primal Force has not demonstrated by a preponderance of the evidence that the original Complaint designated a nationwide class, or that a class consisting solely of New Jersey purchasers satisfies the jurisdictional requirements of CAFA. *See Bovgirya v. American Honda Motor Co.*, No. 17-6248, 2018 WL 3954855, at *2 (D.N.J. Aug. 16, 2018).

In an abundance of caution, the Court also considers the Amended Complaint to determine whether it resolves any lingering ambiguities. While a plaintiff may not wholesale rewrite the complaint to avert federal jurisdiction, courts have examined other filings to determine whether a plaintiff intended to plead only a state-wide, as opposed to nationwide, class. *Gallagher*, 169 F. Supp. 3d at 604. To the extent the inartfulness of the original Complaint caused any confusion, Plaintiff readily amended his pleading to further clarify his intention to limit the class to New Jersey purchasers. As discussed above, the Amended Complaint resolves any lingering confusion and unequivocally limits the class to New Jersey purchasers.

### IV.     CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends the District Court grant Plaintiff's Motion to Remand. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

**DATED: July 22, 2021**