**CLOSING**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, *Plaintiff,* v. PRIMAL FORCE, INC., *Defendant.* | Civil Action No. 20-20600 ORDER |

**THIS MATTER** comes before the Court by way of Defendant Primal Force Inc.'s ("Defendant") Objections to Magistrate Judge Michael A. Hammer's Report and Recommendation, ECF No. 27;

and it appearing that pro se Plaintiff Harold M. Hoffman ("Plaintiff") opposes Defendant's Objections, ECF No. 28;

and it appearing that this putative class action arises from Defendant's alleged consumer fraud in the marketing and sale of Primal Max Red, a dietary supplement, see generally Compl., ECF No. 1.1, at 3-24;

and it appearing that Plaintiff initiated this action on December 8, 2020 by filing a complaint in the Superior Court of New Jersey, Law Division, asserting claims under the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, et seq., on behalf of himself and a putative class of plaintiffs, id. at 15-21;[1]

and it appearing that the Complaint's preliminary statement and "Class Allegations" section each define the proposed class as "all New Jersey purchasers of Primal Max Red," Compl. at 6, 15-16;

---

[1] The Court refers to page numbering in the Complaint for ease of reference.

and it appearing that elsewhere, the Complaint alleges that joinder of all class members would be impracticable because "the Class is comprised of consumers throughout the United States," id. at 16, and that a class action is superior to other forms of adjudication because "[t]he claims asserted herein are applicable to all consumers throughout the United States who purchased Primal Max Red," id. 18;

and it appearing that the Complaint further alludes to harm done by Defendant on a "nationwide" basis, see, e.g., id. at 1, 11, 13;

and it appearing that on December 30, 2020, Defendant removed the action to this Court, invoking diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"),[2] see Notice of Removal ¶ 12, ECF No. 1;

and it appearing that on January 4, 2021, Plaintiff filed his first motion to remand, arguing that the Complaint asserts a class of only New Jersey citizens and that the proposed class has less than $5,000,000 in controversy, see ECF No. 5.1, at 4;

and it appearing that after the Court ordered limited discovery on fact issues related to jurisdiction under CAFA, ECF No. 12, Defendant conceded that CAFA jurisdiction would not exist for a class limited to New Jersey consumers, see ECF No. 13;

and it appearing that on May 3, 2021, Plaintiff filed an Amended Complaint by leave of the Court, which clarified that the "proposed Class consists of all New Jersey (and only New Jersey) purchasers of Primal Max Red" and removed references to nationwide consumers, see Am. Compl. at 16, ECF No. 15;

---

[2] CAFA permits a federal court to exercise jurisdiction over a putative class action if (1) there is minimal diversity, i.e., "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (2) the aggregate amount in controversy exceeds $5,000,000; and (3) the proposed class consists of at least 100 members. 28 U.S.C. § 1332(d). Defendant's Notice of Removal was accompanied by a certification by its corporate officer averring that Defendant has sold more than $5,000,000 of Primal Max Red throughout the United States and that the number of purchasers exceeds 100. See ECF No. 1.2 ¶¶ 5, 7.

and it appearing that on June 4, 2021, Plaintiff filed a renewed motion to remand, contending that remand was appropriate in light of Defendant's concession that CAFA jurisdiction would not exist over a class of solely New Jersey consumers, see ECF No. 22;

and it appearing that Defendant opposed Plaintiff's motion to remand, arguing that (a) the Court must disregard the allegations in the Amended Complaint in considering subject matter jurisdiction, (b) the initial Complaint, read as a whole, asserts claims on behalf of a nationwide class, and (c) CAFA jurisdiction exists over a nationwide class of Primal Max Red purchasers, see ECF No. 23;

and it appearing that on July 22, 2021, the Magistrate Judge issued a Report and Recommendation, concluding that "[a] fair reading of the original Complaint allows that Plaintiff intended to plead, albeit at times inartfully, a purely New Jersey class," that the Amended Complaint "resolves any lingering confusion" on this point, and that Defendant has otherwise failed to establish CAFA jurisdiction by a preponderance of the evidence, see ECF No. 25 (the "R&R");

and it appearing that Defendant filed objections to the R&R on August 6, 2021, principally contending that the Magistrate Judge erred by concluding that the original Complaint asserted a class of only New Jersey consumers, see ECF No. 27;[3]

and it appearing that in a class action removed from state court, the Court must look to the operative pleading at the time of removal to determine whether CAFA jurisdiction is present, see, e.g., Hall v. Welch Foods, Inc., No. 17-3997, 2017 WL 4422418, at *4 (D.N.J. Oct. 5, 2017) (collecting cases);

---

[3] Plaintiff argues that the Court should not conduct a de novo review of the R&R because Defendant filed its objections 15 days after the R&R, or one day after the 14-day time limit set forth in Federal Rule of Civil Procedure 72(b). This argument need not be addressed because even after conducting a de novo review, the Court finds remand appropriate.

3

and it appearing that where CAFA jurisdiction existed at the time of removal, a plaintiff cannot defeat federal jurisdiction through an amended pleading or stipulation altering the facts alleged in the initial complaint, see Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993); Hall, 2017 WL 4422418, at *4;

and it appearing that by contrast, in assessing jurisdiction the Court may consider a plaintiff's subsequent statement clarifying an ambiguous statement in the operative pleading at the time of removal, see Angus, 989 F.2d at 145 n.3 (noting that "a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading" with respect to jurisdictional allegations and acknowledging a "distinction between explaining and amending a claim"); see, e.g., Gallagher v. Johnson & Johnson Consumer Cos., Inc., 169 F. Supp. 3d 598, 604 (D.N.J. 2016) (considering plaintiff's statements in motion to remand to conclude that a proposed class "[did] not include any non-New Jersey citizens");

and it appearing that "[a] plaintiff is the master of his complaint and may construct a proposed class however he so chooses, including to intentionally avoid jurisdiction under CAFA," Kinlock v. HealthPlus Surgery Ctr., LLC, No. 19-962, 2019 WL 2511491, at *2 (D.N.J. June 18, 2019);

and it appearing that the Complaint alleges in its preliminary statement and directly under the heading "Class Allegations" that the proposed class consists of "all New Jersey purchasers of Primal Max Red," Compl. at 6, 15-16;

and it appearing that while the Complaint does contain the contrary statements that "the Class is comprised of consumers throughout the United States," id. at 16, and that "[t]he claims asserted herein are applicable to all consumers throughout the United States who purchased Primal Max Red," id. at 18, these allegations are found in sections discussing specific requirements for

4

class certification under Federal Rule of Civil Procedure 23 and do not necessarily purport to define the proposed class;

and it appearing that the Complaint's allegations that Defendant inflicted harm on consumers "nationwide" do not preclude Plaintiff from representing a class consisting of only a small portion of those consumers, i.e., New Jersey citizens;

and it appearing that Plaintiff has now unambiguously clarified in his moving papers and Amended Complaint that he intends to assert claims only on behalf of New Jersey residents, <u>see, e.g.</u>, Am. Compl. at 16;

and it appearing that considering all the above circumstances, the Court is satisfied that Plaintiff intended to assert claims on behalf of a class consisting of only New Jersey residents in the initial Complaint;[4]

and it appearing that in light of Defendant's concession that the Court lacks CAFA jurisdiction over a class of New Jersey consumers, the Court agrees with the R&R that remand is appropriate;

**IT IS** on this 27th day of January, 2022;

**ORDERED** that Magistrate Judge Hammer's R&R, ECF No. 25, is **ADOPTED**; and it is further

---

[4] The parties disagree on the proper burden of proof for proving an amount in controversy at the pleading stage. Where facts are in dispute, a defendant asserting jurisdiction must prove jurisdictional facts by a preponderance of the evidence. See <u>Judon v. Travelers Prop. Cas. Co. of Am.</u>, 773 F.3d 495, 504-05 (3d Cir. 2014). Where the underlying facts are undisputed, however, a plaintiff resisting removal has the burden of persuasion to demonstrate "to a legal certainty that the plaintiff cannot recover the jurisdictional amount." <u>Frederico v. Home Depot</u>, 507 F.3d 188, 197 (3d Cir. 2007). The proper burden here thus depends on whether the sole disputed issue—the meaning of the original Complaint—is a question of fact or a question of law.

The Court need not make this determination to resolve the instant motion. Viewed as a factual question, the Court agrees with the R&R that Defendant has failed to prove by a preponderance that the initial Complaint asserted a nationwide class. See R&R at 11. Viewed as a legal question, the plain language of the Complaint, combined with Plaintiff's subsequent clarification, permits the Court to determine as a matter of law that the Complaint asserted a class comprised of only New Jersey consumers. Either way, remand is appropriate.

**ORDERED** that Plaintiff's Motion to Remand, ECF No. 22, is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to the Superior Court of New Jersey, Law Division, Bergen County for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**